Curia, per

Johnson, C.
The Act of 1795, 2 Faust, 9, expressly declares that the sureties of a sheriff for the faithful discharge of his duties, “ shall be severally held and deemed liable each for his equal part of the whole sum in which the bond is given, (the said sum to be divided into as many equal parts as there shall be sureties in the said 'bond,) and no more than such equal part shall, in any court, be recoverable of or from any one of the said sureties.” In form, therefore, the penalty of the bond is joint and common, both to the sheriff and his sureties, and is forfeited by a breach of the condition; and in The Treasurers v. Bates, 2 Bail. 374, it is said that the judgment ought to be for the whole penalty against them jointly — and that certainly conforms to the form' of the bond, and is therefore correct. But according to the terms of the Act, although the sheriff is liable for the whole penalty, the sureties are only liable severally for their equal portions of the penalty ; and as the execution must follow the judgment, it strikes me very forcibly that if the judgment is thus framed, without mote, there would be equal difficulty in giving effect to the Act, as the sheriff would have no guide by which to apportion the penalty amongst the sureties ; and the case of the party, at whose instance this application is made, furnishes, perhaps, the best illustration that the judgment should show the extent of their legal liability. He, it is said, has removed to Alabama — and I am not aware of any mode in which he could avail himself of the provisions of the Act, if an action should be brought on the judgment there. In The Treasurers v. Bates, it is said’ care must be taken in the enforcement of the judgment that no one security shall be charged with more than his equal portion of the penalty, and there is no doubt that on the payment of his portion of the penalty by any one, satisfaction would be ordered to be entered as to him — and that might be an *169 adequate remedy if the judgments were necessarily to be enforced here ; and it struck me on the argument that the whole difficulty would be remedied by requiring the plaintiff to endorse on the execution the amount of the portion of the penalty for which each of the' sureties were liable, with directions to the sheriff to collect no more from each. But the plaintiff is not obliged to sue out his execution, and that course would afford no protection against an action on the judgment in another State, The judgment of a court of competent jurisdiction constitutes the law of the case, and no other court except sueh-as exercise a supervising control over it, can review it. Besides this, the very object of the judgment is to ascertain the legal liabilities of the defendant; and no judgment can be correct, which does not in terms clearly express it. Judgments on penal bonds conditioned for the payment of motley, has been referred to as an example to the contrary, on which, by an Act of the legislature, the plaintiff is required to' endorse the amount due according to the condition, on the back of the execution : but the analogy does not appear to me to be perfect; for in these cases, according to the common law, ¡.he whole penalty was forfeited by a breach of the condition, and the defendant could only be relieved against it in Equity ; and the Act of the Legislature was only intended to supersede the necessity of resorting to that Court. But here the very Act which prescribes the form and the penalty of the bond, fixes the extent'of the liability of the sureties.
If in actions on penal bonds, conditioned for the payment of money, the plaintiff should embody in his judgment and execution, the substance of what he is required to endorse on the execution, they would not be incongruous,or irregular; and whilst the Legislature was providing for that case, this would, perhaps, have' been the most appropriate remedy. In the case under consideration, the Legislature has not provided the form of the remedy, and it falls directly under the general power of the court to regulate its own practice ; and whilst we take care that the plaintiff suffers no wrong or inconvenience, it ought not to expose the defendant to a liability not authorized by law; and this I think may be done consistently with the case of the Treasurers v. Bates, and the most fastidious notions of special pleading.
• By a' breach' of the condition of the bond, the penalty becorpes forfeited, and the sheriff himself is legally liable for. the whole amount, and so are the sureties jointly, and a joint judgment against them, for the amount, is not only according to the form of the bond, but strictly according to its •legal effect: blit the Act provides that the sureties shall be liable severally only for their equal portions of the penalty, and it is only required to express this in the judgment, to show the whole extent of the legal liabil *170 ities of all the parties. This may be conveniently expressed in a forra something like the following, viz : “ Therefore it is considered that (the plaintiff) do recover against the said (the defendants, the sheriff and his sureties,) his said debt of (the penalty of the bond.) That is to say, that the said (the plaintiff) do recover against the sheriff the said sum of (the penalty of the bond,) and against the said (the sureties) severally each the sum of (their equal portions of the penalty,) being their several equal portions of the said sum of (the penalty) agreeably to the form of the Act of Assembly, in such case made and provided.” And when the judgment is against one or more of the sureties only, the judgment should, in like manner, express the amount for which he or they are liable. It is therefore ordered, that the defendant’s motion to amend the judgment, be granted, and that the same be amended conformably to this opinion.
Gantt, Butler, O’Neall, Johnston, DeSaussurb, CC. and JJ. concurred.